IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GEVONTE D. HUNTER,** | Case No. 5:15 CV 1957 |
| Petitioner, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp, II |
| **ALAN J. LAZAROFF, Warden,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

Petitioner Gevonte D. Hunter ("Petitioner"), a prisoner in state custody, through counsel, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Alan J. Lazaroff, Warden of the Mansfield Correctional Institution ("Respondent"), filed an Answer (Doc. 13), Petitioner filed a Reply (Doc. 16), and Respondent filed a Sur-Reply (Doc. 17). Petitioner also filed two letters addressed to the Court (Docs. 18, 20), which Respondent moves to strike (Docs. 19, 21). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 23, 2016). For the reasons discussed below, the undersigned grants Respondent's motions to strike, and recommends the Court deny the Petition.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).

This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. In this case, on direct appeal, Ohio's Ninth District Court of Appeals set forth the following findings of fact:

> {¶2} On July 19, 2011, shortly after 5:00 p.m., Salim Suleiman was fatally shot outside of a business known as Kelley's Carryout in Akron, Ohio. The Summit County Grand Jury indicted [Petitioner] and another man, Alan Lollis, on the following charges stemming from these incidents: one count of aggravated murder in violation of R.C. 2903.0l (B), one count of murder in violation of R.C. 2903.02(8), and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (A)(3), with gun specifications attendant to all counts pursuant to R.C. 2941.145. [Petitioner] pleaded not guilty to the charges, and the case proceeded to jury trial. The jury found [Petitioner] guilty on all charges.
>
> {¶3} In a sentencing entry issued on July 31, 2012, the trial court merged all of the counts, and sentenced [Petitioner] on the aggravated murder conviction and gun specification to a total term of incarceration of thirty-three years to life. [Petitioner] timely appealed from the sentencing entry, and he now presents five assignments of error for our review. We have consolidated [Petitioner]'s first and second assignments of error to facilitate our discussion.

(Ex. 14, Doc. 13-1); *State v. Hunter*, 2014 WL 1345411 (Ohio Ct. App.).

## PROCEDURAL HISTORY

Respondent accurately summarized the procedural history; therefore, it is incorporated herein with minor changes. *See* Doc. 13, at 2-8.

<u>State Court Conviction</u>

On November 30, 2011, a Summit County, Ohio grand jury indicted Petitioner on one special felony, O.R.C. § 2903.01(B) aggravated murder charge with a firearm specification; one first-degree felony, O.R.C. § 2911.01(A)(1) aggravated robbery charge with a firearm specification; and one first-degree felony, O.R.C. § 2911.01(A)(3) aggravated robbery charge with a firearm specification. (Ex. 1, Doc. 13-1). On February 9, 2012, the State filed a supplemental indictment charging Petitioner with a special felony, O.R.C. 2903.02(B) murder charge with a firearm specification. (Ex. 2, Doc. 13-1). The offenses were prosecuted in Summit County

Common Pleas Court. *See* Ex. 3, Doc. 13-1. Petitioner had legal representation throughout the trial court proceedings. *Id.*

Prior to trial, Petitioner filed an alibi notice. (Ex. 4, Doc. 13-1). He also filed a motion to dismiss (Ex. 5, Doc. 13-1) and made motions *in limine* to exclude certain witness testimony and evidence (Ex. 6, Doc. 13-1); (Doc. 13-3, at 36-38), which the trial court resolved before trial. (Doc. 13-3, at 36-44). The State then filed a motion for a complicity jury instruction. (Ex. 7, Doc. 13-1).

The case proceeded to jury trial. Petitioner's trial attorney made a motion for acquittal at the conclusion of the State's case pursuant to Ohio Criminal Rule 29 (Doc. 13-12, at 38-47), which the trial court denied. *Id*. Petitioner's trial attorney renewed the motion when the defense rested (Doc. 13-12, at 108), which the trial court again denied. *Id.* During the trial, Petitioner and his co-defendant moved for a mistrial, which the trial court denied. (Doc. 13-12, at 18-35). Before the jury deliberated, both parties objected to the jury instructions (Doc. 13-13, at 144-51), and the trial court then filed final jury instructions. (Ex. 8, Doc. 13-1).

After the trial, the jury found Petitioner guilty of the aggravated murder charge with a firearm specification, both aggravated robbery charges with firearm specifications, and the murder charge with a firearm specification. (Ex. 9, Doc. 13-1). For sentencing purposes, the trial court merged all of the convictions and firearm specifications and sentenced Petitioner to a mandatory prior and consecutive three years in prison for the firearm specification and 30 years to life in prison for the aggravated murder conviction. (Ex. 10, Doc. 13-1). The trial court journalized Petitioner's judgment entries of conviction on July 31, 2012. *Id.*

Direct Appeal

On August 30, 2012, through new counsel, Petitioner filed an appeal notice in Ohio's Ninth District Court of Appeals. (Ex. 11, Doc. 13-1). He raised the following assignments of error:

1. The State of Ohio failed to provide sufficient evidence to support a guilty finding and conviction of [Petitioner] for aggravated murder, murder and/or two counts of aggravated robbery.

2. The jury's verdicts and convictions were against the manifest weight of the evidence.

3. The court erred and/or abused its discretion in not adding the requested jury instructions by [Petitioner]'s counsel.

4. [Petitioner] was denied effective assistance of counsel because his counsel failed to investigate and defend the case by properly challenging the State's evidence and presenting evidence on behalf of [Petitioner].

5. Counsel's failure to object to the playing of Tasha Thomas's interview with Detective Pleassich as a prior consistent statement was ineffective assistance of counsel and/or plain error.

(Ex. 12, Doc. 13-1). On August 11, 2014, Petitioner, *pro se*, filed an untimely appeal notice (Ex. 15, Doc. 13-1) and motion for a delayed appeal in the Ohio Supreme Court (Ex. 16, Doc. 13-1). The State did not file a response and on September 24, 2014, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed the case. (Ex. 17, Doc. 13-1); *State v. Hunter*, 140 Ohio St.3d 1437 (2014) (Table). Petitioner did not file a petition for certiorari in the United States Supreme Court.

Ohio App. R. 26(B) Application to Reopen Direct Appeal

On June 2, 2014, Petitioner, *pro se*, filed an Ohio App.R. 26(B) application to reopen his direct appeal based on a claim of ineffective assistance of appellate counsel. (Ex. 18, Doc. 13-1). Petitioner alleged his appellate counsel was unconstitutionally ineffective for not raising these claims on direct appeal:

1. Trial Courts err under Crim.R.16 and/or for the same reasons abused its discretion.

2. Appellant counsel was ineffective for failing to seperate [sic] the issues and arguments of two assignments [sic] of error (1) that the state failed to provide

4

      "sufficient evidence to support a guilty findings and (2) the jury verdicts and conviction was against the manifest of weight".

3. The State of Ohio failed to provide sufficient evidence to support a guilty finding and conviction of [Petitioner] for agg. murder, two counts agg. robbery, and murder.

4. Insufficient evidence.

5. The jurys [sic] verdicts and convictions were against the manifest weight of evidence.

6. Failing to raise issues of ineffective assistance of trial counsel for failing request an identification expert testimony at trial to aid the defense.

*Id.* (capitalization changed).

The State did not file a response, and on August 11, 2014, the state appellate court denied Petitioner's application to reopen his direct appeal after determining he "failed to show that the performance of his appellate counsel fell below an objective standard of reasonableness. Therefore, he has failed to meet the first prong of the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] test." (Ex. 19, Doc. 13-1, at 179).

Petitioner did not appeal that decision to the Ohio Supreme Court and his deadline to do so expired September 25, 2014. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) (allowing an appellant 45 days from the entry of judgment to file an appeal).

On March 11, 2016, Petitioner, through counsel, filed a second Ohio App. R. 26(B) application to reopen his direct appeal. (Ex. 20, Doc. 13-1). He alleged his appellate counsel was ineffective for not raising these claims on direct appeal:

1. The trial court engaged in plain error when it admitted statements allegedly made by Co-Defendant Alan Lollis.

2. Trial counsel and appellate counsel failed to object to his testimony and then failed to raise this as an error on appeal.

*Id.*

5

The State filed a memorandum in opposition (Ex. 21, Doc. 13-1), and on April 1, 2016, the state appellate court denied Petitioner's second application to reopen his direct appeal because it was untimely and a successive petition which "is not specifically authorized by App.R. 26(B)." (Ex. 22, Doc. 13-1).

On May 16, 2016, through counsel, Petitioner filed a timely appeal notice in the Ohio Supreme Court. (Ex. 23, Doc. 13-1). He raised these propositions of law in his jurisdictional memorandum:

1. The admission of a co-defendant's confession at a joint trial where the co-defendant does not testify denies the defendant the right to cross-examination secured by the confrontation Clause of the Sixth Amendment.

2. Permitting the admission of a co-defendant' confession at a joint trial where the co-defendant does not testify is a denial of the Sixth Amendment right to the effective assistance of counsel.

3. Failure to raise the issue of Confrontation Clause violation, as well as the issue of ineffective assistance of counsel, both under the Sixth Amendment, is ineffective assistance of appellate counsel.

(Ex. 24, Doc. 13-1).

The State filed a waiver of memorandum in response. (Ex. 25, Doc. 13-1). On July 27, 2016, the Ohio Supreme Court declined to accept jurisdiction of [Petitioner]'s appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). (Ex. 26, Doc. 13-1); *State v. Hunter*, 146 Ohio St.3d 1473 (2016)(Table). Petitioner did not file a petition for certiorari in the United States Supreme Court.

Post-Conviction Relief

On August 15, 2013, Petitioner, *pro se*, filed in the trial court a timely petition to vacate or set aside judgment of conviction or sentence. (Ex. 27, Doc. 13-1). He raised a single claim:

1. Petitioner was deprived of his Sixth Amendment Right under the U.S. Constitution, and under Article I, Section 10 to the Ohio Constitution to effective assistance of counsel.

6

*Id.*

In response, the State filed a motion to dismiss. (Ex. 28, Doc. 13-1). On September 12, 2013, the trial court determined Petitioner's "claims are barred by res judicata and the failure to attach evidentiary documents" and denied Petitioner's petition to vacate. (Ex. 29, Doc. 13-1).

Petitioner did not file a timely appeal notice in the state appellate court and his appellate filing deadline expired October 15, 2013. *See* Ohio App. R. 4(A)(1) (allowing 30 days from a final order to file a notice of appeal); Ohio App. R. 14(A) (the time period to file shall be computed by excluding the first and including the last day in the relevant time period).

### FEDERAL HABEAS CORPUS

On September 22, 2015, Petitioner, through counsel, filed the instant habeas Petitioner raising the following four grounds for relief:

> **GROUND ONE**: The evidence at trial was legally insufficient to support Petitioner's conviction for Aggravated Felony Murder, and Aggravated Robbery.
>
> **Supporting Facts**: The State proved that the victim was shot to death in the course of what may have been a robbery. The State produced text message communication from multiple phones, none of which were conclusively tied to Petitioner at the time the shooting occurred. The State did not prove that Petitioner either planned or carried out the shooting of the victim. The only eyewitness even remotely tying Petitioner to the scene of the shooting at the time of the shooting was an individual who thought she saw Petitioner walking away from the scene – she was not at all certain.
>
> **GROUND TWO**: The trial court erred and/or engaged in plain error when it admitted the statement of Co-Defendant Alan Lollis, confessing to the planning of the crime and Co-Defendant did not testify. Conf. Clause.
>
> **Supporting Facts**: The State called witness Tasha Thomas who testified that Co-Defendant Alan Lollis said in a conversation that she was present for that he planned the robbery at issue in this case, and that he had exchanged text message conversations with the person who did the robbery and shooting. Trial counsel for Petitioner did not cross-examine Tasha Thomas at all and did not object to this testimony. Co-Defendant Lollis did not testify at trial and thus Petitioner did not have an opportunity to confront him regarding this alleged confession. Appeal [sic]

7

counsel did not raise this issue on appeal. Co-Defendant Lollis' alleged confession was very important to the State's evidence at trial.

**GROUND THREE**: Petitioner received ineffective assistance of counsel at trial when trial counsel failed to object to the testimony regarding the alleged confession of Co-Defendant Alan Lollis. Right to Counsel, Conf. Cl.

**Supporting Facts**: The State called witness Tasha Thomas who testified that Co-Defendant Alan Lollis said in a conversation that she was present for that he planned the robbery at issue in this case, and that he had exchanged text message conversations with the person who did the robbery and shooting. Trial counsel for Petitioner did not cross-examine Tasha Thomas at all and did not object to this testimony. Co-Defendant Lollis did not testify at trial and thus Petitioner did not have an opportunity to confront him regarding this alleged confession. Appeal [sic] counsel did not raise this issue on appeal. Co-Defendant Lollis' alleged confession was very important to the State's evidence at trial.

**GROUND FOUR**: Petitioner received ineffective assistance of appellate counsel when appellate counsel failed to raise the issue of Co-Defendant Lollis' alleged confession on direct appeal. Right to Counsel, Confrontation Cl.

**Supporting Facts**: The State called witness Tasha Thomas who testified that Co-Defendant Alan Lollis said in a conversation that she was present for that he planned the robbery at issue in this case, and that he had exchanged text message conversations with the person who did the robbery and shooting. Trial counsel for Petitioner did not cross-examine Tasha Thomas at all and did not object to this testimony. Co-Defendant Lollis did not testify at trial and thus Petitioner did not have an opportunity to confront him regarding this alleged confession. Appeal [sic] counsel did not raise this issue on appeal. Co-Defendant Lollis' alleged confession was very important to the State's evidence at trial.

(Doc. 1, at 1-16). On November 16, 2015, Petitioner, through counsel, filed a motion to stay the habeas proceedings pending exhaustion of his state court remedies. (Doc. 3). This Court granted the motion and held proceedings in this matter in abeyance. (Doc. 4).

Respondent filed an Answer/Return of Writ on November 3, 2016, alleging the Petition is untimely and Petitioner has not shown cause for equitable tolling. (Doc. 13). Petitioner filed two unopposed motions for extension of time to file a Reply/Traverse (Docs. 14, 15), which the Court granted (Non-document entries dated November 30, 2016, and January 19, 2017). In his Reply, Petitioner: (1) admits the Petition is untimely, but argues the statute of limitations should be

8

equitably tolled; (2) argues that a failure to consider the merits of the Petition would result in a miscarriage of justice; and (3) offers arguments on the merits relating to his confrontation clause claim. (Doc. 16). Respondent filed a Sur-Reply, arguing: (1) Petitioner has not shown cause for equitable tolling; (2) his claims are not exhausted in the state courts; (3) Petitioner has not shown cause and prejudice, a miscarriage of justice, or actual innocence to excuse procedural default; and (4) Petitioner is not entitled to substantive review of his confrontation clause claim. (Doc. 17).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean

the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Petitioner concedes the Petition is untimely, but argues for equitable tolling. (Doc. 16, at 8). As such, the undersigned addresses only whether he has met his burden to show equitable tolling should apply here, thus excusing the statute of limitations.

Equitable Tolling

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. § 2244(d). Under 28 U.S.C. § 2244(d)(1), the limitations period begins to run from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

Here, the state appellate court affirmed Petitioner's convictions and sentences on March 12, 2014. (Ex. 14, Doc. 13-1, at 161). He then had 45 days, or until April 28, 2014,[1] to file a direct appeal in the Ohio Supreme Court. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). He did not do so and, thus, the § 2244(d)(1)(A) one-year statute of limitations began to run the following day, April 29, 2014, and expired a year later, on April 29, 2015. Petitioner does not dispute his Petition is untimely. (Doc. 16, at 8).

Petitioner has the burden of establishing his entitlement to equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To meet this burden, Petitioner must show that: 1) extraordinary circumstances prevented the filing of his petition, and 2) he was diligent in pursuing his case. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). In the extreme circumstance, a petitioner can also overcome the statute of limitations with a showing of actual innocence under the "miscarriage of justice" standard. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995).

First, Petitioner alleges he has been "diligent in pursing his rights" because prior counsel failed to advise him of his right to file a habeas petition in this Court and, after obtaining new

---

1. April 26, 2014, was a Saturday. Pursuant to Ohio Supreme Court Practice Rule 7.01 (A)(1) and 3.03(A)(1), Petitioner had until the following Monday, April 28, 2014, to file a notice of appeal.

11

counsel in August 2015 and learning of this right, he filed the Petition one month later, on September 22, 2015. (Doc. 16, at 8-9). Second, he alleges he meets the "extraordinary circumstances" factor because his counsel, after filing the Petition:

> realized that the Confrontation Clause error outlined herein had not previously been raised in State court, either at trial or on appeal. Counsel then sought to stay these proceedings in order to return to State court, giving Ohio's Ninth District Court of Appeals and The Supreme Court of Ohio the opportunity to review the error herein. These State courts declined to do so.

(Doc. 16, at 9).

First, Petitioner's argument is not well taken because his lack of counsel prior to August 2015, does not excuse his untimely filing. "Ignorance of the law alone is not sufficient to warrant equitable tolling." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Jagoda v. Lafler*, 148 F. App'x 345, 347 (6th Cir. 2005) holding (the same is true for *pro se* habeas petitioners); *see also Starnes v. United States*, 18 F. App'x 288, 293 (6th Cir. 2001) (noting that "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."). Petitioner has not shown that his untimely filing arose from circumstances beyond his control. *See Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'") (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Second, Petitioner has not shown he diligently pursued his rights because he not only failed to timely file this Petition, the record reveals a failure to diligently pursue his rights by repeatedly filing untimely motions in his underlying state case. *See, e.g.*, (Ex. 15, Doc. 13-1) (untimely appeal

12

to the Ohio Supreme Court); (Ex. 22, Doc. 13-1) (denying Petitioner's second motion to reopen his direct appeal because it was untimely).

Third, while Petitioner uses the term "miscarriage of justice" in passing (Doc. 16, at 9), he does not actually allege innocence of the underlying conviction or point to new evidence showing such as a basis for equitable tolling; thus, the Court need not address it. *See Schlup*, 513 U.S. at 324 (in order to advance a credible actual innocence claim a petitioner must support his allegations with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Because the Petition is untimely, and Petitioner has not shown cause justifying equitable tolling, a substantive review of the Petition is not warranted. *Griffin*, 399 F.3d at 635. The undersigned, therefore, finds it unnecessary to analyze the additional issues of procedural default and exhaustion, or the merits of Petitioner's claims.

## MOTIONS TO STRIKE

Additionally, the undersigned grants Respondent's motions to strike (Docs. 19, 21) Petitioner's two letters to the Court (Docs. 18, 20). Petitioner is represented by counsel in this matter and, thus, not entitled to hybrid representation. *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (A court is not obligated to consider *pro se* filings or arguments when the party was represented by counsel); *see also Chasteen v. Jackson*, 2012 WL 1564493, *3 (S.D. Ohio 2012) ("Plaintiff's pro se supplemental pleading is not properly before the Court because he is represented by counsel.") (collecting cases).

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the undersigned recommends the Court DENY the Petition, grants Respondent's motions to strike (Docs. 19, 21), and orders the clerk to strike Petitioner's letters (Docs. 18, 20) from the docket.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).